# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7123 | **DATE** | 10/18/2012 |
| **CASE TITLE** | Charles Hall (K-81527) vs. Victor Thomas, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* ("IFP") [3] is denied without prejudice to Plaintiff submitting a completed application. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed IFP application or pre-pay the $350 filing fee, and (2) submit an amended complaint. The clerk shall send Plaintiff an IFP application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days will result in dismissal of the case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Charles Hall, currently incarcerated at the Stateville Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 against Superintendent Victor Thomas. Plaintiff alleges that, on June 8, 2012, while he was confined at Cook County Jail, he was shackled and handcuffed after he returned from the dispensary for treatment to a self-inflicted wound to his forearm. He states that Superintendent Thomas improperly ordered the restraints because the officers believed that Plaintiff posed a threat to himself. Plaintiff states he remained restrained for six hours, during which time was unable to use the bathroom or eat. He contends that only mental health professionals, and not Thomas, could order such restraints.

Plaintiff previously filed a complaint in this court in June 2012, alleging very similar claims, except he stated that the cuffing incident following his self-inflicted forearm wound occurred on May 31, 2012. *Hall v. Thomas*, 12 C 4592 (N.D. Ill.) (Leinenweber, J.). This court dismissed that complaint without prejudice, because it was clear that he had not exhausted administrative remedies. *Id.* (Order of 6/28/12). Given the different dates, it is unclear whether this case is a continuation of the prior one or concerns a separate incident. Either way, the complaint does not state a valid claim for relief by this court.

To state a § 1983 claim, Plaintiff must allege facts that, if true, would demonstrate a constitutional violation. The deprivation must be "extreme" and mere discomfort does not establish such a violation. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). Plaintiff's allegations that Defendant should not have ordered that Plaintiff remain shackled and handcuffed for six hours does not state a constitutional claim. Courts addressing similar claims, or even worse conditions, have found no constitutional violation. *See Hernandez v. Dee Battaglia*, 673 F. Supp. 2d 673, 675–77 (N.D. Ill. 2009) (inmates handcuffed with hands behind their back for up to five hours, while kept outside in summer heat with no meals and no access to bathroom was not an unconstitutional condition of confinement); *Adams v. Battaglia*, No. 08 C 4897, 2011 WL 2038722 at *3 (N.D. Ill. May 24, 2011) (Coleman, J.) (same); *see also Cunningham v. Eyman*, 17 Fed. Appx. 449, 454 (7th Cir. 2001) (16 hours in shackles and four to five hours in soiled clothing did not state a constitutional claim); *see also Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (inmate handcuffed and shackled for 24 hours making it more difficult to use bathroom did not state a claim of an unconstitutional condition).

| STATEMENT |
|---|

Plaintiff's complaint, which does not present a valid claim, is therefore dismissed. If he seeks to pursue this case, he must submit an amended complaint that states a valid claim. Plaintiff is advised that an amended complaint replaces a prior complaint and must stand complete on its own. The court will look only to the amended complaint to determine the claims and parties to this case. Also, Plaintiff must include a judge's copy and a service copy for each named Defendant.

In addition to not presenting a complaint with a valid civil rights claim, Plaintiff has not submitted a completed *in forma pauperis* ("IFP") application. His IFP application provides no statement of his trust fund account nor a current certificate. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed in forma pauperis, which allows the inmate to pay the filing fee with monthly deductions from his trust fund account. If the court grants an IFP application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's account and make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, include a certificate from an authorized officer attesting to the amount of funds in Plaintiff's account and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's application contains no trust fund account statement and an outdated certificate from July 2012 when he was incarcerated at the Cook County Jail. To proceed with this case, Plaintiff must resubmit a completed IFP application. Alternatively, he may pre-pay the $350 filing fee. His failure to satisfy the filing fee requirement within 30 days of this order will result in the dismissal of this case. Local Rule 3.3(e) (N.D. Ill.).

Accordingly, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or pre-pay the $350 filing fee, and (2) submit an amended complaint. His failure to comply will result in summary dismissal of this case.